UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CV-62491-BLOOM/VALLE

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

CONSUMER COLLECTION ADVOCATES
CORP. and MICHAEL ROBERT ETTUS,

    Defendants.
_____/

**ORDER ON PLAINTIFF'S MOTION TO COMPEL (ECF NO. 53)
AND PLAINTIFF'S MOTION FOR SANCTIONS (ECF NO. 56)**

THIS MATTER is before the Court on two motions: (1) Plaintiff's Motion to Compel Subpoena Production or, Alternatively, Motion to Show Cause Why Defense Counsel Witlin should not be Held in Contempt (ECF No. 53); and (2) Plaintiff's Motion for Sanctions Against Defendants for Failure to Comply with Court Order and Discovery Requests (ECF No. 56). Both motions have been referred to the undersigned by United States District Judge Beth Bloom. (ECF Nos. 28 and 57). The Court has reviewed the motions and Defendant Michael Ettus' Response (ECF No. 59), and is otherwise duly advised in the premises. For the reasons set forth below, Plaintiff's motion to compel is **GRANTED**, and Plaintiff's motion for sanctions is **GRANTED IN PART AND DENIED IN PART**.

    **A. Plaintiff's Motion to Compel (ECF No. 53)**

On May 12 and 13, 2015, Plaintiff deposed Defendants Consumer Collection Advocates Corporation and Michael Ettus. (ECF No. 53 at 1). During the deposition, Plaintiff's counsel asked Defendants' counsel Barry Witlin ("Witlin") to produce copies of the billing and payment

records for Defendants. *Id.* The next day, Plaintiff's counsel advised Witlin that she would be subpoenaing the documents. *Id.* at 2. Witlin responded that a subpoena was not necessary, because he would voluntarily produce the documents by May 20, 2015. *Id.* Witlin then failed to do so. *Id.*

On May 21, 2015, Plaintiff subpoenaed Witlin to produce the documents on May 27, 2015, (ECF No. 53-4 at 1), at the scheduled mediation. (ECF No. 53 at 2). Witlin did not comply with the subpoena, nor did he object or move to quash it.[1] On May 29, 2015, having received no documents from Witlin, Plaintiff moved to compel Witlin to comply with the subpoena. (ECF No. 53). Witlin did not respond to the motion, despite the Court's notice that a response to the motion was due on June 5, 2015. (ECF No. 54).

Consequently, on June 8, 2015, the Court required Witlin to "show cause no later than Wednesday, June 10, 2015, why the Court should not grant Plaintiff's motion to compel and award sanctions pursuant to Federal Rule of Civil Procedure 37." (ECF No. 58). Once again, Witlin failed to file a response. The Court therefore grants Plaintiff's motion to compel by default.

**B. Plaintiff's Motion for Sanctions (ECF No. 56)**

On May 26, 2015, the Court entered an order compelling Defendants to respond to Plaintiff's First Interrogatories and First Request for Production of Documents by June 2, 2015. (ECF No. 49 at 2). Defendants, however, did not comply with the Court's order. (ECF No. 56 at 3).

On June 5, 2015, Plaintiff moved for sanctions against Defendants under Federal Rule of Civil Procedure 37(b)(2)(A) for failure to comply with the Court's order. (ECF No. 56).

---

[1] When Plaintiff asked Witlin about the documents at the conclusion of mediation, Witlin told Plaintiff that it "would receive a response by close of business that day." (ECF No. 53 at 2).

Specifically, Plaintiff asks the Court to enter a default judgment against Defendants for their ongoing refusal to comply with their discovery obligations. *Id.* at 4.

Three days later, on June 8, 2015, Defendant Michael Ettus filed a response to Plaintiff's motion for sanctions. (ECF No. 59). Defendant states that he had prepared responses to Plaintiff's discovery requests, but had "inadvertently" failed to serve his responses on Plaintiff by the Court-ordered deadline. *Id.* at 1. According to Defendant, he was unaware that Plaintiff had not received his discovery responses until Plaintiff moved for sanctions. *Id.* Nonetheless, Defendant has since provided the outstanding discovery responses to Plaintiff. *Id.*

On these facts, the Court finds that the harsh sanction of default judgment is inappropriate at this time. Although the history of Defendants' discovery conduct is troubling, Plaintiff has not shown by clear and convincing evidence that it has been prejudiced by Defendants' conduct or that lesser sanctions are inadequate. The Court thus denies Plaintiff's motion for sanctions to the extent Plaintiff seeks the entry of a default judgment against Defendants for their discovery misconduct. However, the Court grants Plaintiff's motion for monetary sanctions.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

(1)    Plaintiff's Motion to Compel (ECF No. 53) is **GRANTED.** Attorney Barry Witlin shall respond to Plaintiff's subpoena by **Tuesday, June 23, 2015**. Additionally, by **July 22, 2015**, attorney Barry Witlin shall pay Plaintiff **$500** to defray the costs incurred by Plaintiff in bringing its motion to compel. *See* FED R. CIV. P. 37(a)(5) ("If the motion [to compel] is granted . . . the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.").

(2)     Plaintiff's Motion for Sanctions (ECF No. 56) is **GRANTED IN PART AND DENIED IN PART**.  Plaintiff's motion for the entry of a default judgment against Defendants as a sanction for discovery misconduct is **DENIED**.  However, Plaintiff's motion for monetary sanctions against Defendants is **GRANTED**.  By **July 22, 2015**, Defendant Consumer Collection Advocates Corporation and Defendant Michael Robert Ettus shall each pay Plaintiff **$250** (for a total of $500) to defray the costs incurred by Plaintiff as a result of Defendants' failure to comply with the Court's order.  *See* FED R. CIV. P. 37(b)(2)(C) ("Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.").

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on June 16, 2015.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record